THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAHMEZ A. AMILI II and CHARLES A. CHAPPELLE II, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUKWILA, et al., <br><br> Defendants. | CASE NO. C13-1299-JCC <br><br> ORDER |

This matter comes before the Court on the parties' joint submission for a ruling regarding testimony (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion to compel testimony (Dkt. No. 29) for the reasons explained herein.

I.     BACKGROUND

This case arises from Plaintiffs' arrest on May 12, 2012. The prosecutor for the City of Tukwila ultimately dismissed all charges against them. (Dkt. No. 29 at 1.) Tukwila police Commander Rick Mitchell requested an explanation for why the prosecutor's office dismissed the charges. (Dkt. No. 29 at 2, 4.) After that conversation, the police department issued a press release stating that "all allegations of police misconduct were determined to be unfounded." (Dkt. No. 30, Ex. 5.) Plaintiffs contend that the substance of the conversation is relevant to Plaintiffs' claims that the City ratified the officers' actions. (Dkt. No. 1 ¶ 5.7.) They plan to

depose the prosecutor and the police commander and seek to prevent Defendants from interposing privilege objections during those depositions. (Dkt. No. 29 at 4.) At issue here is whether the work-product doctrine or attorney-client privilege protects the statements made by the prosecutor to the commander explaining the reason for dismissing the charges. (Dkt. No. 29 at 2–3.)

## II.   DISCUSSION

The work-product doctrine protects "certain materials prepared by an attorney acting for his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975) (internal quotation marks omitted) (citing *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). Plaintiffs here seek the prosecutor's rationale for dismissing a case, which is afforded greater protection because it constitutes opinion work product. *See Upjohn Co. v. United States*, 449 U.S. 383, 401–02 (1983) (work product revealing attorney's mental processes subject to greater protection). However, even the "nearly absolute protection" afforded opinion work product may be waived. *See Bagley v. TRW, Inc.*, 212 F.R.D. 554, 559 (C.D. Cal. 2003); *Burns v. Family Practice*, 162 F.R.D. 624, 627 (S.D. Cal. 1995) (by virtue of finding waiver, court did not address distinction between opinion and non-opinion work product). The attorney-client privilege is a distinct privilege that protects "communications with a person's legal counsel . . . if they were made 'in order to obtain legal advice.'" *United States v. Alexander*, 287 F.3d 811, 816 (9th Cir. 2002) (citing *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). The work-product privilege is broader than the attorney-client privilege, *Nobles*, 422 U.S. at 238 n.11, although both serve to encourage "frank attorney-client communications and vigorous investigation," *see Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 (9th Cir. 2003). Either privilege may be waived if "a party discloses privileged information to a third party who is not bound by the privilege. . . ." *Id.* at 719.

Regardless of whether or how the work-product doctrine would otherwise apply here, *see Abdell v. City of New York*, No. 05-8453-KMK, 2006 WL 2664313 at *3, *7 (S.D.N.Y. 2006)

ORDER
PAGE - 2

(citing many cases rejecting protection for a district attorney's work product in subsequent civil litigation, but recognizing that mental impressions "may be shielded from discovery even in subsequent, unrelated litigation"), the prosecutor's conversation with the police commander constituted a waiver of any privilege with regard to the specific information communicated. There was no attorney-client relationship between these two individuals because a district attorney is a public officer who represents the people—not "the police officers." *See Tennison v. City & Cnty. Of San Francisco*, 226 F.R.D. 615, 620 (N.D. Cal. 2005) (distinguishing the roles of district attorney and defense attorney for purposes of applying privilege); *Klein v. Jefferson Parish Sch. Bd.*, No. 00-3401, 2003 WL 1873909 (E.D. La. 2003) (the "client" of the Jefferson Parish District Attorney was the Parish of Jefferson Louisiana, which was not a party to the civil case); *Doubleday v. Ruh*, 149 F.R.D. 601, 606 (E.D. Cal. 1993) (relying on California court's conclusion that district attorney is a public officer, not "an attorney who represents a 'client' as such").

Moreover, there is no suggestion that the conversation was made to develop the criminal case. Indeed, contrary to Defendants' suggestion, the conversation was outside the scope of "official business related to prosecutions" because the prosecution, such as it was, had concluded. (Dkt. No. 29 at 10.) As Defendants themselves highlight, the work-product doctrine is intended to provide an attorney "a privileged area within which he can analyze and prepare his case." (Dkt. No. 29 at 10 (citing *Nobles*, 422 U.S. at 238).) This rationale does not apply when an attorney chooses to discuss his or her reasoning in a closed case with a non-client.

In arguing otherwise, Defendants rely on the unsupported assertion that the prosecutor serves the chief of police in the same way that a corporation's attorney serves corporate officials. (Dkt. No. 29 at 10.) As Defendants argue: "[T]he prosecutor and police investigator were members of the City's 'legal team' invested with responsibility to carry out their respective duties, which in this case clearly involved 'controversy,' and possible future litigation." (Dkt. No. 29 at 11.) They cite no case law for this proposition, nor is this argument consistent with the

weight of case law discussed above concluding that no attorney-client relationship exists between the prosecutor in a criminal case and a police officer in a related civil suit.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' request to compel testimony is GRANTED. (Dkt. No. 29.)

DATED this 10th day of July 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE